1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California 95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com
5
    Attorney for Plaintiff
6   CARL MONROE

**Filed**

JUN - 6 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

E-filing

7

8

9               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                        SAN JOSE DIVISION

11  CARL MONROE,

12                                        Plaintiff,     Case No. CV11-02726 HRL

        v.                                              **COMPLAINT**
13
    REID LAYNE STEINFELD,                               **DEMAND FOR JURY TRIAL**
14
                                                        15 United States Code § 1692 *et seq.*
15                                       Defendants.

16      Plaintiff, CARL MONROE, based on information and belief and investigation of counsel,

17  except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on

18  personal knowledge), hereby makes the following allegations:

19
20                              **I. INTRODUCTION**

21      1.   This is an action for actual damages, statutory damages, attorney fees and costs

22  brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act,

23  15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in

24  abusive, deceptive and unfair practices.

25      2.   According to 15 U.S.C. § 1692:

26
27          a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt

28  collection practices by many debt collectors. Abusive debt collection practices contribute to the

                                    - 1 -
                                 COMPLAINT

number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant

transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

7. Plaintiff, CARL MONROE (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

8. Defendant, REID LAYNE STEINFELD (hereinafter "STEINFELD"), is a natural person and licensed attorney in the state of California. STEINFELD may be served at his current business address at: Reid Layne Steinfeld, Law Office of Reid L. Steinfeld, 26575 West Agoura Road, Calabasas, California 91302. STERNBERG is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

### VI. FACTUAL ALLEGATIONS

9. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation to ACADEMY OF ART UNIVERSITY in San Francisco, California for student tuition (hereinafter "the alleged debt"). Plaintiff denies that any debt is owed. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Plaintiff is a resident of Santa Clara County, California and has never resided in Los Angeles County, California. Plaintiff has never applied for credit or signed a credit application or credit agreement while in Los Angeles County, California. Moreover, if any debt to the ACADEMY

OF ART UNIVERSITY was incurred by Plaintiff for student tuition, a debt which Plaintiff specifically denies owing, said student tuition debt would have been incurred in San Francisco County, California.

11.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was placed, assigned or otherwise transferred to a collection agency named Grant & Weber for collection from Plaintiff.

12.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was placed, assigned or otherwise transferred to Defendant for collection from Plaintiff.

13.    On or about November 8, 2010, Defendant filed a lawsuit against Plaintiff in the Superior Court of California, County of Los Angeles, captioned *Grant & Weber v. Carl Monroe, et al.*, Case No. 10E13860 (hereinafter the "*Grant & Weber v. Monroe* complaint") which sought to collect the alleged debt.

14.    As a result of Defendant filing the *Grant & Weber v. Monroe* complaint against him in Los Angeles County – a distant and inconvenient venue – Plaintiff was required to retain counsel and incur attorneys' fees and costs in order to have the lawsuit transferred to the proper venue, Santa Clara County.  As a result of Defendant's forum abuse, Plaintiff has incurred actual damages in an amount to be determined at trial.  See, *Hess v. Cohen & Slamowitz, LLP*, 637 F.3d 117 (2d Cir. 2011).

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

15.    Plaintiff brings the first claim for relief against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

16.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

17.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

18.   Defendant, STEINFELD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

19.   The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

20.   Defendant has violated the FDCPA.  The violations include, but are not limited to, the following:

     a.   Defendant brought a legal action against Plaintiff to collect a consumer debt in a judicial district other than the judicial district in which the Plaintiff signed the contract sued on or in the judicial district in which the Plaintiff resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a).

21.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a);

c)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15

U.S.C. § 1692k(a)(1);

d)  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15

U.S.C. § 1692k(a)(2)(A);

e)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

U.S.C. § 1692k(a)(3); and

f)  Award Plaintiff such other and further relief as may be just and proper.


CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CARL MONROE


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CARL MONROE, hereby demands a trial by jury of all

triable issues of fact in the above-captioned case.


/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.